UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUSSELL E. BURNS, et al.,

    Plaintiffs,

v.

B & B SWEEPING, et al.,

    Defendants.

Case No. 14-cv-01798-VC

**DEFAULT JUDGMENT**

Re: Dkt. No. 26

Plaintiffs Russell E. Burns et al. seek entry of a judgment by default ordering Defendants B & B Sweeping et al. to pay contractually-mandated employer benefit contributions and union dues, as well as interest and liquidated damages. The defendants were properly served with the plaintiffs' Request to Enter Default and the Clerk's Notice of Entry of Default, and have made no appearance. Applying the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the Court finds that entry of default judgment against the defendants in this matter is appropriate.

As an initial matter, when considering whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has subject-matter jurisdiction under 29 U.S.C. § 1132 and 29 U.S.C. § 185. The defendants are an employer within the meaning of 29 U.S.C. § 1002(5) and  29 U.S.C. § 152(2). The Court has personal jurisdiction over the defendants because Defendant B & B Sweeping is a California limited liability company and Defendant Brett Herring, the owner and Regional Managing Officer of B & B Sweeping, resides in and does business in California.  Herring personally guaranteed the benefits owed pursuant to the agreement with the union.  Hayner Decl. ¶ 3. The defendants have been properly served.  *See*

Docket Nos. 11, 12, 16; Russell Decl. ¶ 5; Hayner Decl. p. 5.

*Eitel* provides a non-exhaustive list of factors a court may consider in exercising discretion about the entry of a default judgment. These factors include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d at 1471–72. A number of these factors weigh in favor of granting default judgment in this case. First, the plaintiffs will suffer prejudice if the Court does not enter default judgment because they would be left without recourse to recover for the defendants' violations of the Employment Retirement Income Security Act ("ERISA") § 515, 29 U.S.C. § 1145, and defendants' contractual obligations to the union and trust fund plaintiffs. Second and third, the plaintiffs' complaint states a viable claim for relief. The complaint alleges that (1) the defendants are employers by virtue of ERISA and the National Labor Relations Act, and are signatory to the relevant agreements (2) as a result, the defendants have a statutory duty to timely make required contribution payments to the plaintiffs under ERISA, as well as an express contractual obligation to timely make benefit contributions to the plaintiffs for hours worked by their employees, and (3) the defendants have failed to fulfil these obligations. Compl. ¶¶ 7, 11–20. Fourth, while default judgments are disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions, *Truong Giang Corp. v. Twinstar Tea Corp*., No. C 06-3594 JSW, 2007 WL 1545173, *12 (N.D. Cal. May 29, 2007), here the sum of money at stake is well-documented and appears reasonable. Fifth, because the defendants have not filed an answer to the complaint, there is little to suggest a possibility of a dispute concerning material fact. Sixth, there is no indication that the defendants' failure to appear in this case is the result of excusable neglect, since they have been properly served. Finally, the defendants' failure to participate in the proceedings brought against them, despite adequate notice and opportunity to do so, has made a decision on the merits impractical, if not impossible.

In addition to the benefit contributions and liquidated damages, the plaintiffs also seek

reasonable attorneys' fees and costs.  The underlying agreements, as well as 29 U.S.C. § 1132(g)(2), provide that all of these costs be borne by the defendant in this type of action.  The the hourly billing rates charged by the plaintiffs' counsel in connection with this action are $120 per hour for paralegals, and $205 to $215 per hour for attorneys.  These rates are lower than those typically charged in the area, and the Court finds these rates to be reasonable.  The Court also finds the 31.1 hours billed to be reasonable.  The Court therefore awards attorneys' fees reasonably incurred by the plaintiffs' counsel in connection with this action from March 17, 2014 through September 12, 2014 in the amount of $4,857.50.  The plaintiffs' counsel also anticipated an additional 6 hours of work related to preparing for and attending the hearing on the motion for default judgment.  But because the Court not only granted the plaintiffs' counsel's request to appear by telephone, but also allowed the plaintiffs' counsel to appear only in the event that the defendants appeared, and because the defendants failed to appear, the Court finds that no more than three hours could reasonably have been expended in preparation for the hearing.  The Court therefore awards attorneys' fees in the amount of $530.00, half of the requested sum of $1,060.00.

Accordingly, the defendants must pay the plaintiffs all sums for contributions, liquidated damages and interest on unpaid and late-paid contributions, audit fees, and attorneys' fees and costs under the term of the underlying agreements as follows:

1. $10,219.74 in contribution underpayments;
2. $4,585.35 in liquidated damages, interest, and audit fees;
3. $5,387.50 in attorneys' fees; and
4. $573.27 in costs.

**IT IS SO ORDERED**, **ADJUDGED, and DECREED**

Dated:  November 13, 2014

_____
VINCE CHHABRIA
United States District Judge